DLD-160                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1755
_____

UNITED STATES OF AMERICA

v.

MICHAEL J. COSTELLO,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3:15-cr-00072-001)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 15, 2023

Before:  JORDAN, CHUNG, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 22, 2023)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Federal inmate Michael J. Costello appeals from an order denying his third motion for compassionate release under 18 U.S.C. § 3582(c)(1). The Government has filed a motion for summary affirmance of the District Court's order. See 3d Cir. L.A.R. 27.4(a). We grant the Government's motion.

Costello pleaded guilty in 2017 to receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). The District Court sentenced him to 144 months in prison, which was a significant departure downward from the recommended guidelines range of 210 to 240 months. He did not appeal. With earned good time, the Bureau of Prisons (BOP) expects that he will be released from prison in January 2028.

Costello filed two pro se motions for compassionate release in 2020, arguing that he would be susceptible to serious health complications if he contracted the COVID-19 virus. The District Court denied the first for failure to exhaust and transferred it to the federal district court where Costello was housed, to be considered as a habeas petition under 28 U.S.C. § 2241. See generally ECF No. 94. In his second motion, Costello specifically claimed to have an ankle injury, gout, hypertension, obesity, and a leaky heart valve—conditions which he argued constituted "extraordinary and compelling" reasons for release.[1] The District Court rejected his COVID-related arguments, and noted that the medical records did not support some of Costello's asserted health

---

[1] In that motion he also complained that his sentence is a stigma that is "almost impossible to recover from" and that not granting relief would seem "exceedingly inhumane and profoundly unfair." ECF No. 96 at 4.

conditions but instead reflected that the BOP properly cared for his existing health conditions. D. Ct. Mem. (ECF No. 108) at 12. The Court also denied the motion because Costello is a danger to the community and the sentencing factors under 28 U.S.C. § 3553(a)—including the seriousness of his offense, respect for the law, and providing just punishment for the offense—did not weigh in his favor. The District Court decided that Costello's receipt and distribution of graphic and violent child pornography over an 11-month period showed that he endangers vulnerable minors and the safety of the community. Id. at 14-15. Costello's motion for reconsideration was denied. He did not appeal.

Costello filed his third motion for compassionate release in June 2022. He claimed that the BOP could not adequately treat his kidney disease, and he voiced concern that he would contract COVID-19 again.[2] He also asserted that he had served (according to his calculation) 50% of his sentence. The District Court denied the motion, agreeing with the Government that Costello had not substantiated the claim that he had kidney disease, and noted that he had fared well after COVID and had now been vaccinated. The Court once again emphasized the serious nature of Costello's crimes and ruled that the § 3553(a) factors weighed so heavily against release that denial "on that basis alone" would have been proper. D. Ct. Order (ECF No. 128) at 4. Costello filed an appeal. The Government moved for summary affirmance, which he opposes.

---

[2] Costello has had COVID once and has been vaccinated and boosted.

We have appellate jurisdiction under 28 U.S.C. § 1291, and review the District Court's order for an abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (explaining that we will not vacate a district court's decision "unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" (cleaned up)). A district court may reduce a movant's incarceration if "extraordinary and compelling reasons warrant such a reduction," but the court must consider the applicable sentencing factors under § 3553(a) before relief may be granted. § 3582(c)(1)(A).

We find no error with the District Court's conclusion that the § 3553(a) factors weigh decisively against Costello's release.[3] Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 28 U.S.C. § 3553(a)(1), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C). Costello's conduct underlying his conviction involved the receipt and/or distribution of 25,350 images of "graphic, sadistic and vile depictions of child pornography." D. Ct. Order at 4. Some images depicted the violent abuse of infants and toddlers. See ECF No. 120 at 5-6. Without a

---

[3] In light of this conclusion, we need not decide whether Costello demonstrated "extraordinary and compelling reasons" for his release. See 18 U.S.C. § 3582(c)(1)(A)(i).

doubt, Costello's conviction requires service of a sentence reflecting the seriousness of his offense. In this case, the sentence imposed was substantially less than what was recommended, and it is not an abuse of discretion for Costello to be required to serve the full sentence that was imposed. Moreover, we agree with the District Court's conclusion that Costello remains a danger to the community, especially in light of his admission that he became sexually aroused when viewing images of child pornography. See D. Ct. Order at 6. We find no "grave error of judgment" in the District Court's determination that the § 3553(a) sentencing factors did not weigh in Costello's favor and thereby foreclosed release. Pawlowski, 967 F.3d at 330.

For these reasons, we will summarily affirm the District Court's order denying Costello's third motion for compassionate release. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.